## RUSCO *et al.* v. RYAN *et al.*

No. 5796.   Opinion Filed November 23, 1915.

Rehearing Denied January 11, 1916.

(153 Pac. 1162.)

1.   **PRINCIPAL AND AGENT—Existence of Relation—Right to Terminate.**   Where the owner of real estate contracts with real estate agents to plat a tract of land into lots and blocks, as an addition to a city, and agrees to pay a stipulated commission out of the proceeds of sale, and, in addition thereto, to transfer to such agents all the lots remaining unsold after the payment of $35,000 to the owner, **held**, that the contract creates between the parties the relation of principal and agent. which can be terminated at the will of the principal.

2.   **PRINCIPAL AND AGENT—Revocation of Contract—Damages—Liability of Principal.**   If the agent receives substantial injuries by reason of the wrongful revocation of the contract, the principal is liable in damages.

(Syllabus by· Rittenhouse, C.)

. Rusco et al. v. Ryan et al.

*Error from District Court, Payne County;*
*A. H. Huston, Judge.*

Action by George S. Rusco and another against James Ryan and another. Judgment for defendants, and plaintiffs bring error. Affirmed.

*Morgan & Deupree,* for plaintiffs in error.

*Robt. A. Lowry,* for defendants in error.

Opinion by RITTENHOUSE, C. James Ryan was the owner of 140 acres of land lying adjacent to the town site of Cushing, Payne county, Okla., and on February 13, 1913, he entered into a contract with Geo. S. Rusco and Ed. L. Joyce, whereby it was agreed as follows:

"Said parties of the first part agree to sell and parties of the second part agree to buy the following described real estate. * * * Said sale and purchase to be made upon the following terms and for the consideration herein stated:

"The consideration of this land is to be thirty-five thousand dollars ($35,000.00), and the same is to be paid for in the following manner: The parties of the second part are to cause said lands to be platted into blocks of approximately five acres each, with streets and alleys to be dedicated to the public use, said blocks to be divided into twenty-five foot lots and when said land has been so platted and surveyed the parties of the first part agree to sign the plat and dedication of the streets and alleys to public use as therein stated, and same is to be filed for record in Payne county, Oklahoma.

"Said first parties hereby agree that the said second parties shall have thirty days from this date to commence platting this land, and said first parties further agree to give second parties immediate possession of said land and furnish abstracts of title showing clear title thereto.

"After said lands have been surveyed and platted the parties of the second part are to have the right to sell the same for cash, or partly for cash and deferred payments, and all moneys received for the sale of said block or lots except the first payment, not to exceed twenty per cent., the amount which may be allowed as commission for making the sales, are to be forthwith deposited in a bank to be chosen by the parties hereto as a trust fund for the use and benefit of the first and second parties, the same to be divided between them as follows: Seventy-five per cent. of all such payments and collections to be turned over and paid to parties of the first part and twenty-five per cent. to be paid and become property of the parties of the second part, and said parties of the second part agree to keep a correct and accurate account of all transactions and of all collections made in books to be opened and kept for that purpose, and said account and books shall be open to the inspection of the parties of the first part at all times during the life of this contract.

"It is further agreed that the parties of the second part will make an accounting to the parties of the first part at the expiration of sixty days from the date when the plat of said lands has been executed and filed, and render a similar accounting every thirty days thereafter during the continuance of this contract. At the time of each such accounting the parties of the second part are to pay to the parties of the first part such sums as may then be due them under this contract, said sums so paid to be credited on the indebtedness of thirty-five thousand dollars herein provided for from parties of the second part to parties of the first part; said payments to continue until the same shall discharge the thirty-five thousand dollars herein mentioned. And the parties of the first part agree to make deeds to lots sold out of said real estate to the purchasers thereof as soon as the same have been fully paid for by such purchasers, and, when the full purchase price of thirty-five thousand dollars shall have been paid to first party under the terms of this agreement, the first party agrees to execute a deed or deeds to

any lots that remain unsold, or which have not been fully paid for, to the parties of the second part or to such person or persons as they may direct, provided the full purchase price of said property as herein provided for has been fully paid to parties of the first part."

"The provisions of this contract are binding on the heirs, administrators, executors, and assigns of the parties hereto."

This action was instituted, praying that it be decreed that the right, title, and interest of each of the defendants in and to said premises be in accordance and under the terms and conditions of said contract; that it be decreed that the plaintiffs have and recover of and from the defendants the immediate possession of said premises, ordering the sheriff of Payne county to place them in possession; that it be decreed that the plaintiffs have specific performance of their contract; that the plaintiffs have judgment for $20,000 damages for failure to deliver the immediate possession of said premises according to the terms of the contract; that upon a hearing, if the court should refuse to decree the specific performance, they have judgment against the defendants for $60,000, their damages sustained by reason of the breach of said contract. A demurrer was sustained to the petition on the ground that the facts alleged were not sufficient to constitute a cause of action. In order to pass upon the question before us, it is necessary to construe the contract as a whole and to ascertain the true intent and purpose thereof. It will be observed that the defendant James Ryan was the owner of the premises, and that the plaintiffs were experienced real estate men desirous of platting and selling an addition to Cushing. They entered into the foregoing contract with the owner of the premises, whereby they promised to cause the premises to be platted into

blocks of approximately five acres each, with streets and alleys, said blocks to be divided into 25-foot lots. This constitutes the extent of the obligations the plaintiffs were to assume, and in consideration of these services the defendant Ryan was to permit them to sell the premises, 20 per cent. of the contract price to be retained by the plaintiffs as their commission, and the remaining 80 per cent., representing deferred payments, to be divided, 75 per cent. to Ryan, and 25 per cent. to the plaintiffs. The contract does not contain a promise that the plaintiffs will pay the $35,000, but only that such sum shall be paid in case the 75 per cent. received from the deferred payments will equal that amount. To sum the entire contract up, these plaintiffs were to plat the premises into lots and blocks, and in return therefor were to receive the exclusive privilege of naming the prices at which the property was to be sold without limitation thereon, take the first cash payment, to the extent of 20 per cent. of contract price, as a commission, and 25 per cent. of the deferred payments, giving Ryan the remaining portion of the deferred payments until $35,000 was paid, at which time Ryan was to deed all interest he had in the remaining portion to these plaintiffs.

It is contended by the plaintiffs in error that this contract creates the relation of vendor and vendee, thereby transferring to the plaintiffs an equitable interest in the land. On the other hand, the defendants contend that the contract merely creates the relation of principal and agent, without any interest in the premises. Upon a thorough examination of the contract, we are of the opinion that the only interest conveyed by this contract was dependent upon the sale of sufficient lots and blocks to discharge the $35,000 consideration, and it is a mere specu-

lation as to whether there would be any lots or blocks remaining unsold after the discharge of said sum. By this contract there was no attempt made to convey to the plaintiffs any right, title, or interest in and to the land itself, but it merely gave the plaintiffs the first 20 per cent. collected as a commission, and a portion of the deferred payments as an additional commission. It will be noted, therefore, that the interest that they might obtain under the contract was a portion of the proceeds of the sale, not an interest in the land. If the agreement had been complied with, and the $35,000 had been paid, the plaintiffs might be in a position to claim the remaining portion of the land; but, inasmuch as no part of the agreement had yet been complied with, and it was uncertain as to whether there would be any portion of the land remaining unsold upon which this estate would attach, the interest was contingent and did not vest upon the execution and delivery of the contract. This subject is very thoroughly discussed by Galbraith, C., in the case of *McKellop et ux. v. Dewitz et al.*, 42 Okla. 220, 140 Pac. 1161, 52 L. R. A. (N. S.) 255, wherein it was held that such a contract did not create an interest in the real estate, but was merely the conveyance to the agent of a definite part of the proceeds of sale. In that case it was said:

"A careful consideration of the contract clearly shows that no interest in the real estate was conveyed by it to the agent, Dewitz. The terms of the contract do not justify the conclusion that there was any attempt or intention to convey to the agent any part of the title or any distinct interest or estate in the real estate itself. The interest created in or conveyed to the agent was a definite part of the proceeds of sales, an interest in the result—the thing produced by the exercise of the power—and therefore the contract cannot be properly said to be 'a power

coupled with an interest.' It is true that, if the agreement had been fully completed, the agent might have claimed under it an interest in that part of the property remaining after a sufficient amount had been sold to satisfy the Beard mortgage; yet this particular interest was contingent, and did not vest upon the execution and delivery of the contract. It was not such an interest as the agent could have conveyed in his own name in the event of the death of the principals."

The able discussion of the subject in that case warrants us in contenting ourselves with a citation of it as authority without reference to a long line of authorities.

We therefore conclude that the demurrer was properly sustained, and the judgment should be affirmed.

By the Court: It is so ordered.