## STATE v. McKNIGHT.

No. 4973.   Decided August 15, 1930.   (290 P. 774.)

*Sam Cline,* of Milford, and *J. H. McKnight,* of Salt Lake City, for appellant.

*L. A. Miner,* Asst. Atty. Gen., for Geo. P. Parker, Atty. Gen., for the State.

EPHRAIM HANSON, J.

Prosecution for bastardy. The jury found that the defendant was the father of the illegitimate child born alive to the prosecutrix on April 17, 1928. From the judgment thereon entered the defendant appeals.

The defendant contends that this is a criminal case, and that it should therefore be tried and disposed of in accordance with the rules and practice applicable to criminal cases.

The question is presented by various assignments of error, wherein counsel for appellant complain that error was committed by the trial court (1) in instructing the jury that a preponderance or greater weight of the evidence was sufficient to warrant the jury in finding that the defendant was the father of the child whose paternity was in question; (2) in instructing the jury that the concurrence of six only of their number was necessary to a verdict, and that six members of the jury concurring might find a verdict and sign the same; and (3) in limiting the defendant to three peremptory challenges.

These assignments are all predicated upon the contention that this is a criminal case. The question is no longer an open one in this jurisdiction. That these proceedings, though criminal in form, are, in their nature and in the object sought, civil, has been the settled law in this state since the case of *State* v. *Reese,* 43 Utah 447, 135 P. ■ 270, which was followed and approved in the case of *State* v. *Hammond,* 46 Utah 249, 148 P. 420, and *State* v. *Anderson,* 63 Utah 171, 224 P. 442, 40 A. L. R. 94.

In our opinion the foregoing cases are conclusive upon the questions presented by such assignments of error.

In the case of *State* v. *Reese,* supra, the precise question as to the quantum of proof required to establish the paternity of the child was determined adversely to ■ appellant's contention. This court held in that case that the state is only required to establish the guilt of the accused by a preponderance of the evidence and not beyond a reasonable doubt.

Inasmuch as it is the settled law of this state that proceedings of this character are civil, it must necessarily follow that there is no merit in the appellant's contention that the court erred in instructing the jury that six ■ members thereof concurring might find a verdict. Neither was error committed in limiting the appellant to three peremptory challenges in impaneling the jury as in the trial of other civil cases. *State* v. *Newman,* 109 Or. 61, 218 P. 936.

Counsel for appellant further insists that the court erred in refusing to admit in evidence the original complaint in the criminal case wherein it was charged that the act of intercourse occurred on August 11, 1927. The said complaint was sworn to by the father of the prosecu- ■ trix herein. The purpose of the offer, as stated in appellant's assignments and as stated by counsel at the trial, was to impeach the prosecutrix. There was but one act of intercourse. We quote from appellant's reply brief:

"The files show that the complaint first sworn to in the fornication case was charged on the 11th, but was amended, and the act was charged to have been on the 4th, the identical date as charged in this case."

On her examination relative to the date on which the act of intercourse occurred, the prosecutrix testified that at first she was not positive as to the exact day. She could not remember the date. She knew, however, it was in the forepart of August and that it was not later than August 11th. In figuring back she recalled the occasion that she and her sister were at the Orpheum Theater, with Mr. and

Mrs. Rushmer; that was the only night they were all together and that after the show they were cutting pictures of "Richard the Lion Hearted," which was to be shown the following night; and in that way she was able to definitely fix the exact date. She testified further that she had never told her father that the act of intercourse occurred on August 11, 1927.

We are unable to see just how the proffered evidence could affect her credibility. In our view the complaint was immaterial. No error was committed in refusing to admit the complaint in evidence. Even though it were deemed material for that purpose, the prosecutrix did not deny the fact that the original complaint charged the act of intercourse to have been committed on August 11, 1927, but on the contrary she freely admitted that the original complaint did so charge and it was not in any way disputed; the refusal, therefore, to admit the original complaint in evidence, would be harmless error.

Complaint is also made of the court's ruling in excluding an offer of Defendant's Exhibit B. During his cross-examination of the prosecutrix, counsel for appellant made the offer. Exhibit B is a copy of a telegram dated January 4, 1928, sent by Charles Bullock from Yuma, Ariz., to the prosecutrix, which reads as follows:

"Wish you a happy new year. Am sorry I could not wait to answer that fone call at Cedar City Hotel. Had to leave Cedar City that night for Ariz to receive cattle but would be glad to talk to you any time. I sure thought you had done gone and forgotten me. Will come and see you when I get back."

Prosecutrix was being cross-examined as to her association with Mr. Bullock, and stated that she had not talked to him for more than a year; that as the telephone operator at Cedar City she had received a long-distance call from St. George for Mr. Bullock; that she had located him by inquiring of his father, and had said to him. "Hello, Mr. Bullock, long-distance is calling you." The party at St.

George did not wait for the call to be put through, but made a subsequent appointment, which Mr. Bullock did not keep. Counsel read the major portion of the telegram and asked the witness how she accounted for the fact that he sent her such a telegram, to which she answered she did not know, but supposed he had recognized her voice on the telephone and that he wanted to talk to her. She recognized the exhibit as a true copy of the telegram she had received and thought that she could not then locate the original. She freely and frankly admitted having received the message and volunteered the information that they had once been sweethearts. At this point of the cross-examination the offer was made and the objection thereto sustained and exception taken. We cannot see its materiality. It clearly would not warrant even an inference that the witness had sustained any illicit relations with Mr. Bullock within the period of gestation. No error was committed in sustaining the objection to the offer.

It is finally contended that the evidence was insufficient to sustain the verdict. We will not attempt to give even a resume of the evidence, but will simply state that there was a direct conflict in the evidence, and to the jury it was largely, if not solely, a question of the credibility of the witnesses. The prosecutrix related her story in a frank and candid manner. It was free from any inherent improbabilities. In the present case she did not attempt to shield or excuse her own weakness. When confronted with her testimony in the criminal case involving the same facts, wherein she stated she had struggled for about two hours until exhausted, she candidly admitted that that was not so, and that the only resistance she made was when the defendant began to remove part of her clothing. What appellant's counsel have said about the impossibility of the act being committed in the seat of the coupe was a question in the circumstances of the case, exclusively for the jury.

The jury had before it the admissions and promises of the defendant as testified to by the girl's father and the testi-

mony of other witnesses who saw her get into his automobile on the night of August 4, 1927. As contra evidence there was the testimony of the defendant and eight witnesses in his behalf, which made an issue that resolved itself into one of the credibility of the witnesses.

In our opinion there was ample evidence to support the verdict.

Judgment affirmed. Costs to respondent.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and FOLLAND, JJ., concur.