## STATE v. KRANENDONK.

No. 5196. Decided March 12, 1932. (9 P. [2d] 176.)

240

*W. R. Jones and Geo. C. Buckle*, both of Ogden, for appellant.

*Geo. P. Parker*, Atty. Gen., and *L. A. Miner*, Deputy Atty. Gen., for the State.

WORTHEN, District Judge.

The defendant was prosecuted for bastardy, and after a trial by jury was found guilty of being the father of a child born of Hazel Swenson, as alleged in the information. The proceedings had during the trial, including the court's rulings on the evidence offered and the court's instructions to the jury, are not included in the bill of exceptions.

Before sentence was pronounced the defendant filed his motion in arrest of judgment and also filed a motion for a new trial, which motions were by the court denied, and the court pronounced judgment against the defendant, requiring him to pay to the clerk of said court the sum of $200 during 1931 and the sum of $150 each year thereafter for a period of seventeen years for the use and benefit of said child, and further ordered the defendant to file an undertaking in the sum of $800 with two good and sufficient sureties for the faithful performance of the terms and conditions of the judgment.

Thereafter, on the 25th day of May, 1931, the court entered an order committing the defendant to the county jail of Weber county, Utah.

The defendant's brief presents three assignments of error: First, that the court erred in overruling defendant's motion in arrest of judgment; second, that the court erred in overruling the defendant's motion for a new trial; third, that the court erred in its order of commitment.

Defendant's motion in arrest of judgment was made upon the grounds first, that the information does not state facts sufficient to constitute a public offense; second, that the information is uncertain, ambiguous, and unintelligible in failing to allege specifically the time or place of the alleged act of sexual intercourse. Defendant did not demur to the information, but alleges in his brief that objection was made to the introduction of any testimony upon the grounds set forth in the motion in arrest of judgment, and further alleges that he moved for a directed verdict upon the same grounds.

If error was committed by the court in admitting testimony over defendant's objection, defendant should have excepted to the court's ruling and assigned the ruling as error. If the court erred in refusing to direct a verdict for defendant, that error should have been assigned. Having failed to assign the court's ruling as error and having failed to assign the refusal of the court to direct the jury as requested, the error, if any was committed, is not now before this court. *Perrin* v. *Union Pac. R. Co.,* 59 Utah 1, 201 P. 405. The assignment of error is the foundation upon which rests the right of the court to review any matter.

Defendant concedes that a bastardy proceeding is civil and not criminal, as far as the required proof is concerned, but contends that the pleadings and prosecution are conducted as in a criminal case, and for that reason he is entitled to the benefit of the motion in arrest of judgment. The question as to whether or not a defendant in such a proceeding may have the benefit of the statute providing for arrest of judgment (Comp. Laws Utah 1917, § 9035) has not been specifically passed on, but no good reason appears for departing from the rules applicable in other civil cases, nor is any authority therefor suggested. If, however, the motion in arrest of judgment were proper in such a case, we are of the opinion that no error was committed in its denial. Defendant has failed to point out wherein the information does not state facts sufficient to constitute a public offense except that the time and place of the alleged act of sexual intercourse is not alleged with particularity. The information does allege that the prosecutrix was, on the 31st day of January, 1931, and in the county of Weber, delivered of a child of which defendant is the father, he having prior thereto committed an act of sexual intercourse with the prosecutrix as a result of which she became pregnant. The information cannot be questioned because it failed to allege specifically when and where the act occurred. If defendant desired to be more particularly informed, he should have interposed

a proper pleading. We are therefore of the opinion that the information does allege facts sufficient to constitute a public offense.

Defendant's second assignment of error is the overruling of his motion for a new trial. The motion was made upon the grounds that the court misdirected the jury upon questions of law and erred in its decision on questions acts in the case were prejudicial to the substantial of law during the course of the trial, which ruling and acts in the case were prejudicial to the substantial rights of the defendant, and that the verdict is contrary to the law and the evidence. We have observed that the transcript of the proceedings at the trial are not included in the bill of exceptions, and in the absence of the record of the testimony and the court's rulings on the admission of evidence, this court has nothing to review. No exception is shown to have been taken to the testimony received, and no error is assigned against the receipt of evidence or the court's instructions to the jury. We are therefore of the opinion that the defendant's assignment of error upon this ground is not well taken.

Defendant's last assignment of error is directed against the order of commitment, the material part of which reads:

"And the said John Kranendonk having, on the 25th day of May, 1931, more than three (3) days after the entry of said decree, appeared in open court, and having refused and neglected to secure the said bond, as provided in said decree, or to make any of the payments as provided in said decree, and it appearing to the court, after an examination of the said defendant in open court that the said defendant should be committed to the county jail of Weber county, there to remain until he shall comply with the decree of the court, or until otherwise discharged in due course of law. It is therefore ordered that the said defendant, John Kranendonk, be, and he is hereby committed to the county jail of Weber County, Utah, there to remain until he shall comply with the order of this court, or until otherwise discharged in due course of law."

The transcript contains the examination of the defendant as to his ability to comply with the judgment. The following testimony is all that was presented on that hearing:

"John Kranendonk, the defendant herein, being first duly sworn, testified as follows:

"Direct examination by Mr. Jones:

"Q. Your name is John Kranendonk? A. Yes, sir.

"Q. You are the defendant in the case of the State of Utah versus John Kranendonk? A. Yes.

"Q. Do you own any property? A. No, sir.

"Q. Any real property? A. No.

"Q. Do you own any personal property? A. No property at all.

"Q. Are you working at present? A. No, sir.

"Q. How long has it been since you worked? A. About a year.

"Q. What do you work at when you work? A. I worked at the Bigelow Hotel, in the pantry.

"Q. Have you tried to get work? A. Yes, sir.

"Q. Tried to get work at the Bigelow Hotel? A. Yes, sir.

"Q. Have you tried to get other work than that? A. Yes.

"Q. Have you asked for a job? A. Yes, sir.

"Q. And you have been unable to find work up to this time, have you? A. Yes, sir.

"Q. Have you attempted to get some one to go on your bond in this case now pending? A. Yes, sir.

"Q. Whom have you asked to go on your bond? A. I asked my father and Mr. Owen Bybee and some others that knew me well; they wouldn't go my bond.

"Q. Did you ask everybody that you could think of that would be apt to go on your bond to do so? A. Yes, sir.

"Q. And they have refused? A. They all refused.

"Q. Do you know of anyone else that you could ask? A. No, I don't. I don't know of anyone else.

"Q. You have asked them all. That is all.

"Cross-examination by Mr. Wilson:

"Q. You say you haven't worked for a year? A. Yes, sir.

"Q. Your last job was at the Bigelow? A. Yes, sir.

"Q. Aren't you an able-bodied man? A. Yes.

"Q. What is your occupation? A. Working in the pantry of the hotel.

"Q. Just an ordinary laborer in the pantry? A. That is all.

"Q. Have no training for a trade or occupation? A. No, sir.

"Q. Where else have you worked? A. You mean before I started in the hotel?

"Q. Yes, or since. A. Well, I have worked a little bit around once in a while when I could get work.

"Q. Where? A. Down in the Wilson Lane, on the ditch.

"Q. This spring? A. Yes, sir.

"Q. What does your father do? A. Farms.
"Q. He has a large farm, has he? A. No, sir.
"Q. Where is his farm? A. In Wilson Lane.
"Q. Can you get work from your father? A. He hasn't enough to keep himself busy.
"Q. You are a married man? A. Yes, sir.
"Q. Where do you live? A. In the Argyle Apartments.
"Q. You have lived for a year without any income, have you? A. Well, my wife works once in a while.
"Q. Has that been your only income? A. Besides what work I could get.
"Q. The last time you appeared in court you had a new suit on. Did you buy that? A. Well, I can't go around here without anything on.
"Q. Did you buy that? A. No, sir.
"Q. Who bought it? A. My folks.
"Q. Your father bought it and gave it to you? A. Yes, sir.

It is now settled in this jurisdiction that this proceeding is civil and not criminal in its purposes and consequences. The defendant is not entitled to the protection that surrounds a defendant in a criminal action. The state ■ has only the burden of establishing defendant's guilt by a preponderance of the evidence; no corroboration of the prosecutrix is required. *State* v. *Reese,* 43 Utah 447, 135 P. 270, 277. Six members of the jury concurring may find a verdict; defendant is entitled to but three peremptory challenges. *State* v. *McKnight,* 76 Utah 514, 290 P. 774.

In *State* v. *Anderson,* 63 Utah 171, 224 P. 442, 40 A. L. R. 94, this court held that appeals in bastardy proceedings are governed by the statute relating to appeals in civil cases. Nor can we see any just reason for applying the rules of criminal procedure to the punishment after the defendant has been denied the protection of such procedure in other respects. Section 387, Comp. Laws Utah 1917, reads:

"In case the defendant shall refuse or neglect to give such security as will be ordered by the court, he shall be committed to the jail of the county, there to remain until he shall comply with such order, or until otherwise discharged in due course of law. Any person so committed may be discharged for insolvency or inability to give bond,

provided that such discharge shall not be made within one year after such commitment."

In the case of *State* v. *Reese,* supra, this court said:

"If such an imprisonment is for the purpose of punishment in case of an insolvent, then it cannot be sustained, because punishment is not the purpose of the law. If it is not for punishment, it is unreasonable, because it, under such circumstances, deprives a person of his liberty without any reason whatever."

If a defendant may not be arbitrarily imprisoned for a period of one year, neither may he, with any better reason, be arbitrarily imprisoned for any shorter period. Imprisonment cannot be inflicted except by way of punishment for contempt. The defendant was not prosecuted for adultery or any other criminal offense committed by him. Surely it cannot be contended, or even suggested, that he may in one case be prosecuted for the civil offense of being the father of the child and punished for the criminal offense of having had sexual intercourse with the prosecutrix. The statute cannot be upheld if given any such interpretation. But if given the fair intendment of authorizing the court to punish the putative father where he willfully fails or refuses to comply with the judgment, it is wholly effective.

We are therefore constrained to the view that the statute authorizes the imprisonment of the defendant for contempt for his willful refusal or neglect to give security as ordered by the court, and limits, in any event, the court's punishment to imprisonment for not exceeding one year. If the defendant willfully refused or neglected to furnish the bond ordered, then the order, as made, must be sustained. If the failure and refusal was not willful but due to his inability to comply therewith, the order must be set aside.

We have set out fully the testimony given at the hearing. The undisputed evidence is that the defendant had no property, real or personal; that he had no work at the time of

the hearing and had not worked for almost a year; that he had tried to get work but had not been successful; that he had tried to get some one to go on his bond; that he had asked everybody he could think of who might be apt to go on his bond, including his father and Owen Bybee, and they had all refused; that he knew of no one else that he could ask; that he was able-bodied, that he was a laborer and had no trade or occupation; that he was married and supported in part by his wife; that he lived at the Argyle apartments; that the suit he had on was bought by his father. No evidence was offered to contradict the testimony of the defendant, and we, for the purpose of this inquiry, must accept it as true.

In the case of *State* v. *Reese,* supra, the court said:

"How can it be said, however, that imprisonment is a means for the enforcement of the judgment when it is made apparent that the accused is utterly unable by reason of insolvency or for lack of means to do so?  *. * *  Indeed, if it is made to appear to the satisfaction of the court, before judgment, that the accused is insolvent and cannot for that reason obtain bondsmen or secure the payments required of him, the court should not make the order for imprisonment at all; or if such order has been made, and it is made to appear to the satisfac- of the court that the accused cannot by reason of his insolvency comply with the order, he should forthwith be ordered to be discharged."

For the reasons stated, we are of the opinion that the court was not justified, under the showing made, in finding the defendant guilty of contempt, and that the order committing defendant to jail cannot be sustained.

The judgment of the court entered upon the verdict is affirmed. The order of commitment entered on the 25th day of May, 1931, is ordered vacated.

STRAUP, ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.

CHERRY, C. J., being absent, did not participate herein.