## DECORSO v. THOMAS et al.

No. 5634.  Decided May 23, 1936.  (57 P. [2d] 1406).

*H. H. Henderson,* of Ogden, for appellant.

*Royal J. Douglas,* and *P. L. Nelson,* both of Ogden, for respondent.

ELIAS HANSEN, Chief Justice.

Defendant O. H. Mohlman has filed in this cause a petition for rehearing.  In his petition and brief in support there-

of he urges that the former opinion is in error in the following particulars: In saying "that the State Land Board may not be sued without its consent is for its benefit and protection, and such defense is not available to defendant Mohlman"; and holding that the state land board was without authority to cancel its lease to Robinson without giving the statutory notice, and in saying that: "Assuming, without deciding, that the copartnership is at an end we are unable to perceive how that fact, if it be a fact, would aid the defendant Mohlman in this proceeding. In any event those who as creditors or otherwise have claims against the copartnership are entitled to its assets."

It is earnestly urged on behalf of defendant Mohlman: First, that there is nothing in the laws of Utah which permits the state land board to be sued, and hence its may not be made a party defendant either with or without its consent; second, that the state land board (being a party to the contracts of lease between it and Robinson and between it and Mohlman) was a necessary and indispensable party to any action which had for its purpose the fixing of the rights of plaintiff and defendant Mohlman in and to such leases. If such contentions are both correct, it follows that the courts are powerless to hear and determine the controversy between plaintiff and Mohlman as to their respective rights in the salt lands covered by the leases; that is to say, if Mohlman is correct in his contention that the state land board is an indispensable party but cannot be made a party, then it follows that this litigation may not proceed to a determination. We cannot yield assent to that contention. While the state land board has an interest in this litigation, we can perceive of no sufficient reason for holding that the interests of plaintiff and Mohlman in and to the proceeds derived from the leased land may not be determined without the state land board being a party to the action.

Organized governmental bodies, in the absence of statutory provision granting power to sue or be sued, have been variously held to possess, or not to possess, the character-

istics of legal entities so as to sue and be sued. 46 C. J. 19. It may be, as suggested in appellant's brief, that the state of Utah, and not the state land board, is the proper party to an action where contracts executed by the state land board are brought in question. However, defendant Mohlman failed to raise that question in the court below. He is therefore deemed to have waived the same. 47 C. J. 227 et seq., and cases cited in the footnotes. Moreover, no error is assigned because the state land board instead of the state of Utah was made a party defendant. Therefore that question is not before us for review. Among the numerous cases in this jurisdiction so holding are *Dalton* v. *Stout*, 87 Utah 39, 48 P. (2d) 425; *State* v. *Kranendonk*, 79 Utah, 239, 9 P. (2d) 176; *Tanner* v. *Provo Reservoir Co.*, 78 Utah 158, 2 P. (2d) 107; *Teakle* v. *San Pedro, L. A. & S. L. R. Co.*, 32 Utah 276, 90 P. 402, 10 L. R. A. (N. S.) 486. It is again urged by defendant Mohlman in his brief in support of his petition for rehearing that the partnership between the plaintiff and the Thomases was dissolved by the bringing of this action. It is urged by him that upon the dissolution of the partnership between the plaintiff and the Thomases "the Robinson lease constitutes only an estate to be put on the market and sold." Mohlman is a stranger to the partnership agreement. He is not, so far as appears, a creditor of the copartnership, or of its members. Under such a state of facts we are unable to perceive how he is in a position to insist that the partnership is at an end, or to direct what shall be done with the assets of the partnership. The other matter urged in support of the petition for a rehearing is discussed in the original opinion, and need not be repeated.

The petition for a rehearing is denied.

FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.

WOLFE, Justice.

I concur on the following ground: The lease to Decorso had not been canceled by the land board. It was therefore

outstanding as a partnership asset. Regardless of whether the land board can or cannot be sued, it was not an indispensable party to the determination of who owned this lease as between the partnership and Mohlman. It was not bound by the judgment, but, if it ignored the judgment between Decorso and Mohlman by treating Mohlman as lessee and accepting his payments, the lease would nevertheless be Decorso's as between Decorso and Mohlman. If Mohlman sold the lease and the land board attempted to recognize the transfer, since Mohlman had nothing to transfer, the land board would recognize an interest which did not exist. Decorso could prevent Mohlman or any transferee with notice from occupying the land or working it by bringing ejectment. If the land board attempted to interfere with Decorso's possession, he could enjoin the members of the land board as individuals from doing anything derogatory to his rights under this judgment by virtue of the doctrine announced in *Tindal* v. *Wesley,* 167 U. S. 204, 17 S. Ct. 770, 42 L. Ed. 137; *Weyler* v. *Gibson,* 110 Md. 636, 73 A. 261, 17 Ann. Cas. 731; *White Eagle Oil & Ref. Co.* v. *Gunderson,* 48 S. D. 608, 205 N. W. 614, 43 A. L. R. 397. In such suit the members as individuals would have the right to set up such defenses as they might be advised, not being precluded by this suit, and it could then be determined if they availed. If the defense were set up that the lease to the partnership had been canceled, we might presume that this court, if it adhered to this opinion, would hold otherwise.

It therefore appears that the judgment in favor of Decorso is efficacious and that the land board cannot prevent Decorso from obtaining the fruits of his judgment, even though it may ignore the judgment because not bound thereby.