This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CITY OF BELEN,**

Plaintiff-Appellee,

**v.**                                    **No. 32,483**

**NORBERT A. SCHUELLER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**Violet Otero, District Judge**

Robles, Rael & Anaya, P.C.
Marcus Rael, Jr.
Albuquerque, NM

for Appellee

Norbert A. Schueller
Belen, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

Norbert Schueller (Defendant) appeals from the district court's remand order to municipal court after a bench trial de novo for a traffic violation (failure to stop at a stop sign). [RP 36] The calendar notice proposed summary affirmance. [CN1]

Defendant has filed a memorandum in opposition that we have duly considered. [MIO] Unpersuaded, however, we affirm.

**DISCUSSION**

In the memorandum, Defendant contends that the municipal judge was incompetent and overreaching or biased and that this Court's calendar notice did not address his incompetency or bias. [MIO 1, 3-4] We are not persuaded that these arguments provide grounds for reversal of Defendant's conviction for failing to stop at a stop sign.

As we discussed in the calendar notice, Defendant is appealing from a de novo trial in district court. [CN1, 2] In a de novo trial, the district court conducts a new trial, and, as fact finder, the district court judge makes his own rulings based upon the evidence presented in the district court. As such, a de novo trial in district court provides a check on any alleged irregularities in the municipal court proceedings. In this regard, however, Defendant's memorandum has not persuaded us that the municipal court judge was incompetent, or engaged in inappropriate conduct, or was biased against him. *See, e.g.*, *Pizza Hut, Inc. v. Branch,* 89 N.M. 325, 327, 552 P.2d 227, 229 (stating "that trial courts have supervisory control over their dockets and inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *see also State v. Hernandez,* 115 N.M. 6, 20, 846

P.2d 312, 326 (1993) (stating that adverse rulings or enforcement of the rules does not establish judicial bias); *State v. Case,* 100 N.M. 714, 717, 676 P.2d 241, 244 (1984) (stating personal bias cannot be inferred from an adverse ruling); *United Nuclear Corp. v. Gen. Atomic Co.,* 96 N.M. 155, 248-250, 629 P.2d 231, 324-26 (1980) (stating that rulings by the court rejecting a party's position, and criticism of counsel by the court, do not demonstrate bias).  Because the district court conducted a de novo trial, in the calendar notice this Court reviewed only the evidence presented to the district court judge, not the evidence presented to the municipal judge or the proceedings before him.   [CN1, 2] We continue to do so in this opinion.

With regard to the sufficiency of the evidence, in the memorandum, Defendant continues to argue that the State did not present sufficient evidence to support his conviction.  [DS 6, MIO 1]  Defendant also argues for de novo review of this issue, contending that the elements of the crime, failure to stop at a stop sign, were not proved beyond a reasonable doubt.  [MIO 2-3]   In this regard, Defendant continues to argue that the CD does not prove that Defendant failed to stop at the stop sign, nor does it corroborate the officer's testimony. [DS 2, MIO 2-3]  Moreover, Defendant points out that, on cross-examination, the officer admitted that he wrote down the wrong road name for Defendant's address on the citation:  "Campana" rather than "Campanada Rd." as is set forth on Defendant's license. [DS 3] Defendant continues

to argue that the officer's mistake demonstrates that the officer is not a good observer, it undermines the officer's credibility, it taints the evidence and it demonstrates that the State did not meet its burden of proving beyond a reasonable doubt that Defendant failed to stop at the stop sign. [DS 6-7, MIO 2-3] We remain unpersuaded.

As we stated in the calendar notice, "[i]n reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176; *see State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact finder [in this case, the judge] to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay).

The State was required to prove beyond a reasonable doubt to the satisfaction of the fact finder, here the district court judge in the de novo trial, that Defendant violated a city ordinance by failing to stop at a stop sign in Belen, New Mexico, on or about October 7, 2011. [RP 69] Officer Russell Martinez, who cited Defendant for the traffic violation, appeared at the district court hearing for the de novo trial after a municipal court conviction. [DS 2] Officer Martinez testified that he witnessed that Defendant failed to stop at a stop sign for an intersection on Mesa Road in the City of

4

Belen, New Mexico, on the date in issue. [Id.] In addition, Officer Martinez testified as to the time, weather, and driving conditions: mid-afternoon, sunny, and the streets were dry. [Id.] Officer Martinez also presented a CD from the dash camera of his vehicle, which was presented as showing that Defendant drove through the intersection and did not attempt to flee. [Id.]

Both the fact that the officer testified on cross-examination that he wrote down the wrong road name for Defendant's address, and the fact that Defendant argued that the CD does not prove the violation or corroborate the officer's testimony, go to the weight of the testimony and the officer's credibility, not to the elements of the offense. This Court, as the reviewing court, "does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789. Moreover, the jury, or in this case the district court judge as fact finder, is free to reject Defendant's version of the facts. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. We hold that the State presented substantial evidence to support Defendant's conviction for failing to stop at a stop sign.

**CONCLUSION**

We affirm Defendant's conviction for failing to stop at a stop sign because it is supported by substantial evidence presented at the de novo trial in district court. We affirm the district court's order.

**IT IS SO ORDERED.**

 

                                        _____

                                        **CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**J. MILES HANISEE, Judge**