STATE v. ANDERSON.

No. 4092.   Decided March 7, 1924.   (224 Pac. 442.)

1. BASTARDS—RIGHT OF APPEAL NOT GOVERNED BY STATUTE GOVERNING CRIMINAL CASES.  The purpose of a proceeding under the Bastardy Act not being to inflict punishment by imprisonment, but to compel the father to support the bastard child during

its tender years, and actions thereunder being civil, an appeal by defendant is not governed by Comp. Laws 1917, § 9209, requiring appeals in criminal cases to be taken within two months after entry of judgment.[1]

2. BASTARDS—ADMISSION OF EIGHT MONTHS OLD CHILD IN EVIDENCE AND TESTIMONY AS TO SIMILARITY OF FEATURES NOT ERROR. In bastardy proceeding, where the putative father and his father had testified it was not error to permit complainant's mother and sisters to testify as to certain features of the eight months old child which they claimed resembled like features in the putative father and his father, and then to receive the child in evidence for purpose of comparison as to the particular characteristics testified to.

3. BASTARDS—INSTRUCTION HELD FAVORABLE TO DEFENDANT. Where in bastardy proceeding there was evidence of similarity in certain features, and the child was then admitted in evidence, an instruction that jury could not discuss or consider merely supposed imaginary, or fanciful resemblances between the child and the putative father was favorable to the latter.

Appeal from District Court, First District, Box Elder County; *M. C. Harris,* Judge.

Bastardy action by the State against Roland Anderson. From judgment in State's favor, defendant appeals.

AFFIRMED.

*William J. Lowe,* of Brigham City, for appellant.

*Le Roy B. Young,* of Brigham City, for the State.

GIDEON, J.

The appellant was proceeded against under the Bastardy Act, Comp. Laws Utah 1917, title 9.

The complaining witness was one Cora Ray. By the verdict of the jury appellant was found "guilty of being the father of the child of Cora Ray as alleged in the information."

---

[1] *State* v. *Reese,* 43 Utah, 447, 135 Pac. 270.

Subsequent to the entry of judgment upon the verdict, appellant filed a motion for new trial. The motion was denied on July 9, 1923. The notice of appeal was served and filed on November 23, 1923. The respondent, the state of Utah by the district attorney, has moved to dismiss the appeal on the ground that the proceeding is criminal or at least criminal in its nature, and that therefore the right of appeal is governed by the section of the statute relating to appeals in criminal cases. That section reads:

"9209. All appeals in criminal cases must be taken within two months after the entry of the judgment appealed from."

The Bastardy Act makes no provision respecting the time within which an appeal may be taken. In *State* v. *Reese*, 43 Utah, 447, 135 Pac. 270, this court held that a proceeding under the Bastardy Act is not criminal but civil in nature, and that therefore the rules of evidence applicable in civil actions control. Such an action being civil in its nature, no good reason appears why the statute relating to appeals in civil cases should not be followed, and none is in any way suggested in the brief of the district attorney. The purpose of the Bastardy Act is not to inflict punishment by imprisonment or fine, but to compel the father of a bastard child to support it during its tender years.

The motion to dismiss should be, and it accordingly is, denied.

The question of law presented by the assignment of errors relates to the introduction of certain testimony over the objections of appellant, respecting the resemblance of the child in question to the father of the appellant and to the appellant himself.

At the time of the trial the child was eight months old. The mother was present in court and had the child with her. The appellant and his father were also present in court, and both testified before the jury. The mother and sister of Cora Ray were permitted to testify over the objections of appellant, as to certain specific features of the child which they claimed resembled like features of the father of appellant, and also as to certain minor features wherein the child re-

sembled its putative father. After the court permitted this testimony to be given, the district attorney offered "the child in evidence for the purpose of comparison as to the particular characteristics testified to by the witnesses." Objections to this offer were made by counsel for appellant. The same were overruled. These rulings constitute the principal errors relied on for reversal.

There is an irreconcilable conflict of authority upon the question of the admissibility of evidence of this nature. That the conflict exists is recognized by counsel for both sides in this case. There are three lines of authorities, as pointed out in the brief of the district attorney: (1) That a child is not admissible in evidence except when the question of race or color is involved. (2) A child is admissible in evidence when the trial court in its discretion is of the opinion that the child is of sufficient age to have developed family resemblances if any there be. (3) A middle ground taken by some courts that, if there is some evidence to particular or specific resemblances between the child and the putative father, then that the child is admissible in evidence for comparison by the jury of those traits of similarity only respecting which testimony has been admitted. The trial court in this case adopted the middle course and permitted, first, the introduction of evidence as to certain specific resemblances of the child to the father of the appellant and by one witness to certain specific resemblances of the child to the putative father, and thereafter permitted the child to be exhibited to the jury as evidence. The rule followed by the trial court is stated by the Supreme Court of Florida in *Flores* v. *State*, 72 Fla. 302, 73 South. 234, L. R. A. 1917B, 1143, as follows:

"Mr. Wigmore in his work on evidence says that the sound rule is to admit the fact of similarity of specific traits, however presented, provided the child is in the opinion of the trial court, old enough to possess settled features or other corporal indications. 1 Wigmore on Evidence, p. 222. We think that this rule is supported by the better reason, and is the one that should be followed in the absence of any statute permitting the exhibition to the jury of a child of whatever age in bastardy or other proceedings involving the paternity of the child, to the end that the jury may

make its own comparisons and form its own conclusions as to particular or general resemblances.

"If the rule as suggested by Mr. Wigmore is followed the objection to the evidence on account of its inherent weakness and unreliability would be largely, if not entirely, removed. In the first place the trial court would have passed upon the question as to whether the child possessed features or other corporal indications of sufficient development to permit a comparison between them and those of the defendant; in the second place, the particular features or other corporal traits claimed to be possessed by the child would be by the adoption of the rule brought specifically to the jurors' attention, and the comparison made with reference only to such features or corporal traits."

The rule thus stated is, in our judgment, supported by the weight of authority, and commends itself as a practical and common-sense rule in attempting to fix the responsibility for the parentage of a bastard child as was the issue in this case. Few courts, if any, have determined as a conclusive legal proposition that the features of an eight months old child are not sufficiently matured and fixed to indicate some specific characteristic common to or resembling like characteristics of the parents of the child.

Appellant has also assigned as error the giving to the jury by the court its fourth instruction. The admission of the testimony hereinabove referred to not being erroneous, this instruction could in no way have been prejudicial to the appellant. On the contrary it was favorable to him in that thereby the jurors were instructed that they could not discuss or consider merely supposed, imaginary, or fancied resemblances between the child and appellant.

We find no reversible error in the record.

Judgment affirmed.

THURMAN and FRICK, JJ., concur.

WEBER, C. J., did not participate.