## LAWHEAD v. STATE.

No. 13504—Opinion Filed March 18, 1924.

Rehearing Denied May 20, 1924.

1. **Bastards — Bastardy Proceedings — Surplusage in Complaint.**

In a bastardy proceeding before the county court, where the complaint is made by the county attorney and the complaint contains the expressions "upon his official oath" and "contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state of Oklahoma," and "that the said child is likely to become a burden upon the county aforesaid," such expressions are not necessary to a complete statement of a cause of action under article 3, chapter 70, Comp. Stat. 1921, and are surplusage, and it is not error for the court in its discretion, to overrule a motion to strike the same.

2. **Same—Evidence—Exhibiting Child on Issue of Paternity.**

In the trial of a bastardy case, where the child is offered in evidence on the issue as to whether or not the defendant is the father, the sound rule is to admit the facts of similarity of specific traits, however presented, provided the child is, in the opinion of the trial court, old enough to possess settled features or other corporal indications.

3. **Same — Allegations and Proof — Residence of Mother.**

Where the complaint charges that on a certain date the mother was residing in said county, which has been named, and was then and there on the aforesaid day and year in the aforesaid county and state delivered of a child, the allegations are sufficient to charge residence, and the issue is a question of fact to be proven.

4. **Same—Issue of Paternity—Birth Certificate as Evidence.**

Where the birth certificate is introduced in evidence by the defendant on the issue of whether or not the defendant is the father of the child, and the certificate shows that some other person than the defendant is the father, and the person's name is written in different ink from the other writing, in filling out the form, it is not error to allow proof calling attention to the manner of the writing, the different sorts of ink used in filling out the form, and any other competent testimony explaining how the name of the reputed father of the child came to be placed in the certificate instead of the name of the defendant, and the fact to be proven is for the jury to determine in the light of all the facts and circumstances of the case.

5. **Same—Instructions.**

It is not error for the court to explain to the jury in the instructions that, "The purpose in a proceeding in bastardy, such as this, is to compel the father of an illegitimate child to assist in supporting the fruits of his immoral act and to indemnify the public against the burden of supporting the child."

6. **Appeal and Error—Harmless Error—Instruction on Burden of Proof.**

Where the court instructs the jury that they may consider whether or not the evidence preponderates on the side of the plaintiff or on the side of the defendant, this is error, as the affirmative of an issue in a civil action must be proven by preponderance, and the negative prevails if the affirmative fails in this, but where the record shows the defendant was not prejudiced by such misdirection the error is harmless.

7. **Trial — Instructions — Refusal of Requests Covered in Charge.**

It is not error for the court to refuse to

give a correct requested instruction when the general charge of the court covers the point at issue and fairly presents the law applicable to the case.

## 8. Trial — Province of Jury—Reasonableness of Facts.

The reasonableness or unreasonableness of the facts presented by the evidence is a matter for the jury to determine under proper instructions of the court.

## 9. Bastards—Judgment —Excessiveness of Penalty.

In a bastardy case where the defendant is found guilty, and the evidence shows he has a salary of $200 a month, a judgment for $35 a month to support the child for 14 years is not excessive.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from County Court, Beaver County; H. D. Meese, Judge.

Action by the State against Clyde Lawhead. Judgment in favor of the State for bastard child, and defendant appeals. Affirmed.

Stacy Wells, Adkins & Kimbrough, and Chas. H. Keffer, for plaintiff in error.

N. W. Gore, Asst. Atty. Gen., and Charles Miles, Co. Atty., for defendant in error.

Opinion by THREADGILL, C. This case presents error in a bastardy proceeding in which plaintiff in error, hereinafter called defendant, was charged with being the father of the illegitimate child of Vivian Chavis, under article 3, chapter 70, Comp. Stat. 1921. The case was tried to a jury in the county court of Beaver county, and resulted in a verdict of guilty, and judgment was rendered by the court against the defendant for the sum of $5,880, to be paid in monthly payments of $35 on the 15th of each month, until the full amount was paid for the support of the child. The defendant appeals by petition in error and case-made, urging 12 assignments of error.

1. In the first place defendant complains that the court committed error in overruling his motion to strike certain parts of the complaint and affidavit filed in said cause by the state.

The complaint was as follows:

"Before me, H. D. Meese, County Judge, in and for Beaver county, State of Oklahoma, personally appeared Edwin S. Gardner, County Attorney, in and for the aforesaid county, and upon his official oath states that on the seventh day of December, one thousand nine hundred and twenty-one, and anterior to the presentment hereof in Beaver county, State of Oklahoma, one Vivian Chavis was residing in the said county, and that the said Vivian Chavis was then and there on the aforesaid day and year in the aforesaid county and state was delivered of a child which is a bastard, and that the said child is likely to become a burden on the county aforesaid, and that the said child Clyde Lawhead, begat and is the father of said child contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State of Oklahoma."

The motion was to strike the words "upon his official," and the words "contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state of Oklahoma," and "that the said child is likely to become a burden upon the county aforesaid."

Defendant contends that these parts of the complaint were unnecessary to state a case under the statute and were prejudicial to his having a fair trial, and cites the case of Libby v. State, 42 Okla. 603, 142 Pac. 406, in support of his contention. The complaint in this case was made by the mother of the illegitimate child and contains one of the objectionable expressions complained of by defendant, to wit: "that the said child is likely to be chargeable to the county of Craig for its support," and the court, in passing on the sufficiency of the complaint, said the complaint, "might have been made fuller and more explicit, yet it covers all the essential facts necessary to constitute a complaint under the statute." We have studied the words complained of by the motion and the authority cited and we cannot see where the words complained of would aggravate the charge made and prejudice the rights of the defendant. The complaint is substantially in the form required in the case cited, only enlarged by the words complained of, but, in its essential statements, in compliance with the provisions of the statutes, and we must, therefore, hold that the defendant's second contention as to error of the court overruling his motion to make more definite and certain and error overruling his demurrer is without merit.

2. In the next place, defendant contends that the court should not have permitted the introduction of the child in evidence calling attention to the tips of its ears for inspection and comparison with the tips of defendant's ears, citing many authorities. Our court seems to have passed on this point adversely to defendant's contention in the

case of Watson v. Taylor, 35 Okla. 768, 131 Pac. 922.

The defendant argues that this case is not in point for the reason the child was introduced for the purpose of establishing the facts of birth and of prior unlawful intercourse. The action was for damages for rape. The child was introduced as the fruit of the unlawful intercourse. The court states as follows:

"The decisions in the various jurisdictions seem to be divided on this question. They are all collected in notes to State v. Danforth, C. H. & E. Ann. Cas. 557, and Rex v. Hughes, 19 H. & E. Ann. Cas. 534. In the Danforth case, decided by the Supreme Court of New Hampshire (73 N. H. 215, 60 Atl. 839), it was held:

" 'That in a prosecution for statutory rape, the child born to the prosecuting witness may be exhibited by the state to the jury for the purpose of establishing the facts of birth, and of prior. unlawful intercourse.' The annotator says that the reported case is in accord with the preponderance of authority, which holds that where the putative father is in court and within view of the jury, it is not improper to produce the child before the jury and call attention to points of resemblance or difference between the two.

"A more extended citation of the authorities will serve no useful purpose. It will suffice to say that after a careful examination of all the cases called to our attention, we have reached the conclusion approved by Mr. Wigmore (1 Wig. Ev., sec. 166) that:

" 'The sound rule is to admit the facts of similarity of specific traits, however presented, provided the child is, in the opinion of the trial court, old enough to possess settled features or other corporal indications."

The defendant contends that this rule could not apply to the case at bar because the child being only about seven weeks old could not have settled features, but the rule is applicable not only to settled features but to the other corporal indications. A certain peculiar mole or shape of the ear or in cases of nationality or color might resemble its sire from its birth, and the introduction of such testimony must be largely in the sound discretion of the court. It appears in this case that the exhibit of the child and attention directed to its ears by way of comparison with defendant's ears was within the purview of the rule and there was no error in permitting this testimony.

3. In the next place defendant complains of certain testimony as to residence of Vivian Chavis being introduced over his objections, and we have examined the record and we do not think there is any merit in the contention.

4. The defendant complains of the action of the court in permitting the birth certificate of the child to be questioned or its correctness contested by showing that two different sorts of ink were used in making it out. We cannot see anything improper in this. The certificate showed on its face that the father of the child was. put down as "Walter Davis," and this name and the name and age of the mother was in one kind of ink and the other part of the certificate in different ink. Since the issue was on the father of the child and the certificate showed a different person than the defendant, and the defendant introduced the birth certificate as a defense to show what the mother stated at the time of birth, it was proper to contest the statement in the certificate by showing any state of facts discrediting the fact in issue as stated in the certificate. The mother of the child in her testimony explains the reputed name of the father in the certificate by stating that she did not understand the question of the physician as to the father of the child at the time it was born and understood him to ask her as to the name of her father and in answer to the question she gave the name of Walter Davis because he was her stepfather and she did not mean to give this name as the father of the child. The facts as stated in the certificate and as stated in the mother's testimony were for the jury to pass on and determine and this court cannot say they were not correctly determined.

5. The defendant next complains of certain parts of the instructions that the court should not have quoted the language of the complaint containing the words objected to by the motion to strike, and also complains of paragraph number 2 using the following language:

"The purpose in a proceeding in bastardy such as this, is to compel the father of an illegitimate child to assist in supporting the fruits of his immoral act and to indemnify the public against the burden of supporting the child."

The first objection is answered by what we have already said on the motion to strike, and since the statement as to. the purpose of the proceeding is a true statement, under the law we cannot see where the defendant's rights are prejudiced thereby as we cannot believe a juror would be disposed to find against an innocent man

to save the taxpayers from supporting the outcast child.

6. The defendant complains of the fifth paragraph of the instructions which reads as follows:

"The only duty you have is to determine whether or not the defendant, Clyde Lawhead, is the father of the child born to Vivian Chavis on the 7th day of December, 1921, and if you find by a preponderance of the evidence under the instructions of the court that the said Clyde Lawhead is the father of said child, then your verdict should be guilty; if on the other hand you find that the state has not established by a preponderance of the evidence under the instructions of the court that the said Clyde Lawhead is the father of said child, then your verdict should be not guilty. In determining upon which side the preponderance of the evidence is the jury should take into consideration the opportunity of the several witnesses for seeing or ascertaining from their own personal knowledge the things about which they testify, their conduct and demeanor, while testifying, their interest or lack of interest, if any, in the result of the case, the relation or connection, if any, between the witnesses and the parties, the apparent consistency and fairness of the evidence, the probability or improbability of the truth of their statements in view of all other evidence, facts, and circumstances proved on the trial and from all of these circumstances determine upon which side is the weight or preponderance of the evidence."

The defendant contends that the use of the word "preponderance" is erroneous by being equally applied to both sides, whereas the law only requires preponderance on side of the plaintiff: and the defendant in his defense has only to be of equal weight with the plaintiff to prevail. We think this contention of the defendant is correct, but in view of all the instructions taken together and the testimony submitted to the jury we cannot see where the rights of the defendant were prejudiced by this defect in the instructions and under the statute the cause should not be reversed for this reason. Section 2822, Comp. Stat. 1921; Horn et al. v. Patterson, 54 Okla. 644, 160 Pac. 924.

7. In the next place the defendant complains that the court committed error in refusing to give certain instructions asked by him. We have examined the requested instructions in connection with the entire record, and we do not think this contention is worthy of serious consideration. We think the instructions of the court taken as a whole fairly state the issues in the case to the jury, and, while the instructions asked for by the defendant may fairly state the issues and law applicable, it is not error for the court to refuse the same when its general charge covers the points and law of the case.

8. The defendant's next contention is that the testimony is not sufficient to sustain the verdict. The defendant argues that the facts of the sexual intercourse related by the mother of the child are unreasonable and the circumstances attending inconsistent. We have read all this testimony and we are inclined to think that it is all very natural, and the way of an unscrupulous man, with more passion than reason, with an unthinking imprudent young woman, and the carressing and standing positions, testified to, are not impossible, at any rate there was no testimony that it was impossible or even improbable, and the jurors are presumed to be men of ordinary human experience, and they heard all this testimony and believed the facts true and reasonable, and found the issues against the defendant, and the verdict will not be disturbed as to the acts of the sexual intercourse.

9. The defendant finally complains that the judgment rendered is excessive. The judgment was for $35 a month to support the child until it is 14 years of age and we cannot see where this amount is excessive from the standpoint of the child. This would be only $420 a year. The first five or six years the child must have constant attention and whether taken care of by the mother or some other person this would be a small sum to pay for taking care and supporting and clothing the child, and from the standpoint of the father we do not think the amount excessive. He was single and had considerable property rights and an income of $200 a month, and surely it cannot be considered excessive for the father to contribute $35 a month to support his offspring, and it cannot be said that this part of the judgment results from passion and prejudice as the court rendered this judgment after taking testimony as to the financial condition of the defendant and after due consideration of all the facts and circumstances. It must be remembered that propagating the human race is expensive, whether propagated in honor according to the forms of human law, or in dishonor and in violation of the laws of society as well as the laws of God. The woman pays her portion in bringing the child into the world and the man must pay his part and it is right that he should.

We think the judgment should be affirmed.

By the Court: It is so ordered.