## CUDD v. STATE.

No. 21213. Opinion Filed Sept. 13, 1932.

Gotcher & Bell, for plaintiff in error.

J. Berry King, Atty. Gen., and Gus Rinehart, for defendant in error.

RILEY, J. This is an appeal from a judgment rendered against plaintiff in error in the county court of Pittsburg county in a bastardy proceeding.

The first assignment presented is that the trial court erred in overruling a motion to quash the complaint. The contention is that the complaint was verified before a notary public and that the verification should have been before a magistrate.

A complaint charging the commission of a misdemeanor should be verified before a judicial officer. Bowes v. State, 7 Okla. Cr. 316, 126 P. 580.

A notary public is not a magistrate. Ex parte Owen, 10 Okla. Cr. 284, 136 P. 197.

But an action brought against the father of an illegitimate child for bastardy under section 8059, C. O. S. 1921 [O. S. 1931, sec. 1718] is in the nature of a special proceeding, to be tried as a civil action, and is governed by the pleadings and procedure prescribed by the statute on procedure civil. Halton v. State, 99 Okla. 92, 225 P. 894; Anderson v. State, 42 Okla. 151, 140 P. 1142; In re Comstock, 10 Okla. 299, 61 P. 921.

The affidavit verifying pleadings in civil actions which are required to be verified may be verified before any person before whom a deposition might be taken. Section 292, C. O. S. 1921 [O. S. 1931, sec. 225].

The contention is not well taken.

The fourth assignment of error, going to the order of the court in overruling the demurrer to the complaint, is based upon the same proposition and is without merit.

The third assignment of error is based upon the order of the trial court overruling a motion to make the complaint more definite and certain. The complaint charged the date of the alleged intercourse between plaintiff in error and the mother of the child, as a result of which the child was begotten, was on or about October 15, 1928. The motion requested the court to require the state to set out the exact date and to state the place where it was claimed the act took place.

Ratzlaff v. State, 102 Okla. 263, 229 P. 278, is cited and relied upon by plaintiff in error to support the assignment.

The Attorney General in his brief contends that the rule announced in the Ratzlaff Case, supra, was directly overruled in the case of Burnham v. State, 130 Okla. 221, 266 P. 781, where the court in the body of the opinion said:

"Defendant claims that:

" 'The complaint should have alleged with definiteness and certainty the time and place of the acts of sexual intercourse between the complainant and defendant by which the complainant was conceived of the child.'

"Section 8059, supra, contains no such provision, and we are bound by the plain words of the statute."

Considering the Burnham Case as a whole, we cannot agree with the Attorney General. All that is there held is that a complaint which fails to state the time and place of the act of intercourse relied upon is good as against a general demurrer where the complaint made under oath by the mother of the child alleged that she "is pregnant with a child, which if born alive will be a bastard child," and that she is a resident of the county in which the complaint is filed, and that the defendant is the father of such child. The opinion points out that there was no motion by defendant to require plaintiff to make the complaint more definite and certain, and that defendant there was relying wholly upon a general demurrer to the complaint.

But practically all the cases hold that a motion of this kind is addressed largely to the discretion of the trial court, and plaintiff in error concedes this to be the law.

While it is true that this court held in the Ratzlaff Case, supra, that this discretion is a legal one, to require the state to set out in every case one act of intercourse of a specific time and place and rely thereon would in many cases prejudice the state where two or more acts of intercourse took place near the time of conception, if the state in such cases be required to state one specific act and set out the time and place thereof, the defendant might properly object to evidence of other acts at the times and places and successfully refute the charge as to the specific time and place alleged in the complaint, and thus escape, although there be abundant evidence to show a number of acts of intercourse about the same time and no expert witness could testify as to which particular act resulted in conception. After all, whether or not a defendant thus charged has been prejudiced by an order of the court denying his motion to require the complaint to set out a date or dates, a place or places where it is claimed acts of sexual intercourse occurred upon which the state expects to rely, depends largely upon the record made at the trial.

In the instant case the mother of the child testified as to two specific acts and in great detail gave the time and place of each.

The plaintiff in error took the stand as a witness in his own behalf and admitted his presence at the times and places testified to by the mother of the child, admitted everything testified to by the mother of the child relating to the first act, except he denied penetration. As to the second act, he admitted his presence with the mother of the child at the time and place, except she fixed the date as October 26, 1928, and he fixed it at October 30, 1928, but they

agree that the time was the date of a certain social function held at the home of a neighbor; the only difference in their testimony being as to the date of the function. However, plaintiff in error denies that an act of intercourse took place, but he admitted everything testified to by the mother of the child except the actual act of intercourse.

In such circumstances we are unable to see where plaintiff in error was prejudiced by the order complained of. He seems to have known as well as the complaining witness just when and where the only two acts about which the mother could testify, took place. Therefore, if it was error in the first place to overrule the motion, it was rendered harmless by the subsequent admissions of plaintiff in error showing that at all times he had knowledge of the exact times and places where the alleged acts of intercourse took place. There was practically no conflict in the evidence as to time and place.

The next assignment relied upon is that the court overruled a motion for continuance based upon the absence of counsel originally employed to defend. It is set out that the attorney originally employed by plaintiff in error was sick and unable to be present at the trial, and that counsel afterwards employed had not had sufficient time to investigate the case.

Absence of counsel is not a statutory ground for continuance and the granting or refusal of a motion for continuance on account thereof is within the sound discretion of the trial court, and unless the discretion is abused it is not error to overrule same. Pool et al. v. Riegal et al., 46 Okla. 5, 147 P. 1193.

The record discloses that plaintiff in error had five days' notice of the inability of his counsel to attend. He then employed other counsel who, the record shows, were thoroughly conversant with all the facts, and ably presented the case. Not one thing is pointed out that could have been presented by the regular counsel that was not presented by counsel at the trial. There was no abuse of discretion in overruling the motion for a continuance.

Complaint is made because the child was permitted to be present while the mother of the complaining witness was upon the stand and to be identified as the child in question. There was no attempt made by the prosecution to exhibit the child to the jury and show paternity by alleged points of resemblance and appearance between the child and plaintiff in error as was done in the Ratzlaff Case, supra, and other similar cases relied upon by plaintiff in error. On the other hand, on cross-examination, plaintiff in error was permitted to show that the baby's eyes were blue, and that his were brown and that the color of the baby's hair was different from his own, etc. The mere presence of the child while the witness was testifying was not of itself prejudicial to plaintiff in error when no comment was made by the prosecution upon its appearance. Plaintiff in error had the benefit of whatever evidence there was as to the resemblance or lack thereof of the child to himself. Therefore, he cannot be heard to complain.

The seventh and tenth assignments of error are based upon the alleged insufficiency of the evidence.

The testimony of the mother of the child and that of plaintiff in error himself, as heretofore pointed out, shows these assignments to be without merit.

In the eighth assignment of error plaintiff in error complains of the fact that the instructions, while written, were not signed by the trial judge.

Both parties agreed in open court that the judge might instruct the jury orally and have the reporter take same in shorthand and transcribe them later. The court specifically called attention of the parties to the fact that this could not be done unless by agreement. Plaintiff in error is in no position to complain of the fact that the instructions were not signed, since he agreed that they might be given orally. This appears to be an afterthought and is wholly untenable.

The ninth assignment of error complains of certain improper conduct of the county attorney in his argument to the jury.

The question is not properly presented for review. The record does not disclose the alleged improper argument and same is nowhere mentioned in the record except in the motion of plaintiff in error for a new trial. Plaintiff in error contends that because there is no denial that the alleged improper remarks set out in his motion for new trial were made, and the record is certified, that it is admitted that the argument was made as alleged. Not so. The certificate merely shows that plaintiff in error filed the motion for a new trial and what it contained. It does not certify to the truth of the allegations therein. If plaintiff in error desired

to present this question, he should have incorporated the alleged improper remarks in the record with his objections thereto and his exceptions and had the same certified by the trial court as a part of the case-made or bill of exceptions. The mere charge in the motion for a new trial is not sufficient.

Other assignments based upon alleged irregularity in the admission of evidence are made, but an examination of the record will disclose that none of them are well taken.

The judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. McNEILL, J., concurs in conclusion.

Note.—See under (1) annotation in L. R. A. 1918C, 891; L. R. A. 1918D, 293; 1 R. C. L. 327; 3 R. C. L. 750; R. C. L. Perm. Supp. p. 886. (4) 6 R. C. L. 549, 550; R. C. L. Perm. Supp. p. 1761. (7) 2 R. C. L. 139.