STATE *v.* WALTER FORBES.

May Term, 1936.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON and SHERBURNE, JJ.

Opinion filed October 6, 1936.

*Wilbur E. Eno* for the respondent.

*John T. Conley,* State's attorney, and *James B. Donoway* for the State.

THOMPSON, J.    The respondent was convicted of the crime of adultery, and presents here one ground of error, only.   It appeared that the woman involved gave birth to a child, which, at the time of the trial below, was about six months old.   The State offered the baby in evidence on the ground that it gave physical evidence of its paternity and warranted an inference that the respondent was its father.   Subject to the respondent's objection and exception, the offer was sustained and the baby was exhibited to the jury.

The propriety of exhibiting a baby about six months old was before us in the recent case of *Lohsen* v. *Lawson,* 106 Vt. 481, 174 Atl. 861, 95 A. L. R. 309, and was carefully considered. It was there held that the question presented in such cases is one addressed to the sound discretion of the trial court.   In view, however, of the dangerous and uncertain character of such evidence, it is the duty of that court to give careful attention to the child's physical appearance to discover its resemblance to the alleged parent and to determine whether such resemblance is sufficiently evident to afford a basis for the inference of paternity claimed.   Recognizing the applicability of the presumption in favor of the ruling below, we held in the Lohsen case that the record showed that the trial court did not exercise its discretion, but ruled the question on the basis of age, alone.   But more

appears in the record before us. It not only appears that the child was in court, but it further appears that, at the request of the State, the mother stood up with the child in her arms; and that the court inquired of her about the child. Thereupon, expressly stating that it ruled as a matter of discretion, the court admitted the child as evidence. Applying the presumption above referred to, as we are bound to, we must assume that the court below was satisfied from what it saw that an inspection of the baby would be helpful in the determination of the issue before the jury. *Bristol Manufacturing Co.* v. *Palmer*, 82 Vt. 433, 442, 74 Atl. 76. Hence, error does not appear.

No question of the sufficiency of the offer is before us, because no such objection was made below, and we cannot say that the admission of the baby was an abuse of discretion, because it does not so appear by the record.

*Exceptions overruled and judgment affirmed. Let execution of sentence be done.*