Cook *v.* State.

(*Knoxville,* September Term, 1937.)

Opinion filed Oct. 16, 1937.

HERMAN N. CANTOR, of Johnson City, for plaintiff in error.

HENRY C. FOUTCH, Assistant Attorney-General, for the State.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

Willard Cook, referred to herein as the defendant, was convicted of violating the age of consent statute, his punishment being fixed at 3 years in the penitentiary.

Ollie Bledsoe Cook testified that on March 25, 1935, as well as on two subsequent occasions, she permitted the defendant to have sexual intercourse with her, and that, as a result, a child was born to her on December 23d following. She was about 14 years of age at the time her child was born and the defendant was about 19 years of age at that time. The parties are negroes.

On April 13, 1935, Walter Bledsoe, father of Ollie Bledsoe Cook, and the defendant were jointly convicted in the federal court at Greeneville for transporting whisky, and on that date were incarcerated in the county jail of Carter county, where they were confined until March 19, 1936. Shortly after defendant was released from jail he was forced to marry Ollie to avoid prosecution. Defendant lived with Ollie at her grandmother's home for a short time, but failed to support and care for her, so that her father was compelled to take her to his

home. Her father began this prosecution by having a warrant issued for the defendant on May 27, 1936.

Section 10786 of the Code contains the provision that "no conviction shall be had for said offense, on the unsupported testimony of the female in question."

It is earnestly insisted by counsel for the defendant that the testimony of Ollie, the prosecutrix, is not corroborated. Both the father and mother of Ollie testified that the defendant admitted to them that he had sexual intercourse with Ollie on several occasions, and that he is the father of her child. This testimony, if accepted by the jury, constitutes sufficient corroboration to convict him of the crime. 57 C. J., 83; 24 R. C. L., 781. With respect to the necessary evidence to corroborate an accomplice, it is stated in 16 C. J., 706:

"Admissions or confessions on the part of defendant although not of themselves sufficient to warrant a conviction without corroboration, are admissible to corroborate the testimony of an accomplice, and, when the *corpus delicti* is clearly shown, may constitute a sufficient corroboration of accomplice's testimony to warrant a conviction."

In this case there can be no doubt but that the crime was committed; the birth of a child establishes that fact. The only remaining question is as to the identity of the criminal. Ollie, who is not impeached, testifies positively that the defendant is the party. Her father and mother testify that defendant admitted his guilt to them. The defendant married the prosecutrix. In view of this testimony, if accepted by the jury, and the fact of marriage, we think the statute has been complied with.

Error is assigned on the action of the trial court, over the exception of defendant, in permitting the father

and mother of Ollie to testify that Ollie stated to them that defendant had intercourse with her on March 25, 1935. These witnesses do not state the time when Ollie made these statements, and the testimony does not indicate that they were made recently after the commission of the offense. It is more likely that they were made after Ollie's parents discovered that she was with a child.

The rule is well established in this State that such statements made recently after the commission of the offense are admissible as confirmatory of the witness's credibility. If they were not made recently, they are not admissible unless the witness was put under fear. *Curtis* v. *State,* 167 Tenn., 430, 70 S. W. (2d), 364; *Hill* v. *State,* 73 Tenn. (5 Lea), 725; *Benstine* v. *State,* 70 Tenn. (2 Lea), 169, 31 Am. Rep., 593; *Phillips* v. *State,* 28 Tenn. (9 Humph.), 246, 49 Am. Dec., 709. It is not claimed by Ollie that the defendant made any threats against her or put her in fear. We are of the opinion, therefore, that this testimony was improper and was prejudicial.

When this case was tried Ollie had her nine months old baby in her arms during the trial and while she was testifying. In addition thereto, at the request of the Attorney-General, and over the objections of the defendant, this baby was exhibited to the jury. It is said that this was very prejudicial to the defendant, and it is made the basis of an assignment of error.

In 7 C. J. under the title "Bastards," it is said:

"Evidence of the resemblance of the child to the alleged father, being but matter of opinion, is inadmissible. As to the propriety of introducing the child before the jury, and permitting them to consider its re-

semblance to the alleged father in determining its paternity, the authorities are in conflict. Some decisions permit the introduction of the child for such purpose, provided the child is, in the opinion of the trial court, old enough to possess settled features or other corporeal indications. Other authorities deny the right to so introduce the child. But the mere presence of the child at the trial is not error, where it is not exhibited to the jury, and attention is not called to it in any way.''

We are inclined to adopt the rule which denies the right to introduce the child for the reasons, as stated by some courts, that such comparison is speculative and has a tendency to prejudice the defendant, and for the further reason stated by the Supreme Court of New York in *People* v. *Carney,* 29 Hun., 47, as follows:

''Common observation reminds us that in families of children, different colors of hair and eyes are common and that it would be dangerous doctrine to permit a child's paternity to be questioned or proved by the comparings of the color of its hair or eyes with that of the alleged parent.''

We hold that the court committed error in permitting this young baby to be exhibited to the jury.

By other assignments of error it is said that the case should be reversed because it is established by a preponderance of the evidence that Ollie was a lewd woman at the time she had intercourse with the defendant. Two negro boys, whose credibility is not attacked, testified that they had sexual intercourse with Ollie prior to March 25, 1935. The jury evidently rejected this testimony, and, without detailing the testimony upon this issue, we are unable to find that it is supported by a preponderance of the testimony.

This is rather a close case, and, in view of the two errors committed by the trial court in the admission of incompetent testimony, and in permitting the baby to be exhibited to the jury, we feel constrained to grant the defendant a new trial, and it is so ordered.