**BOSTON v. STATE ex rel. MAYBERRY.**

No. 27514. March 1, 1938.

Morris & Wilhite, for plaintiff in error.

Amos Stovall, County Atty., and James F. Hanger, Asst. County Atty., for defendant in error.

PER CURIAM. This is an appeal from a judgment of the county court of Caddo county in which the state of Oklahoma ex rel. Doris Mayberry recovered a judgment in a bastardy proceeding against Billie Boston on the verdict of a jury.

The judgment was rendered on the verdict on the 21st day of November, 1935, for $720, payable in installments of $6 per month. The plaintiff in error presents six assignments of error. The parties will be referred to as plaintiff and defendant.

The first, second, and fourth assignments of error involve the sufficiency of the evidence to sustain the verdict and are presented together. The defendant neither demurred to the evidence nor moved for a directed verdict, but at the conclusion of all of the evidence the defendant moved that the jury be discharged for the reason that there was no question of fact that was reasonably sustained by the evidence that should be submitted to the jury; that, since the jury had only been called in an advisory capacity, the question should be submitted to the court without being burdened by any finding or verdict of the jury, and moved that the case be dismissed for the reason that the evidence in the case was not sufficient to sustain a verdict or a judgment of the court.

The defendant had formerly objected to a jury upon the ground that it was not necessary. The court overruled the objection and stated that he was calling the jury to act in an advisory capacity, whereupon the defendant stated that he did not object to such procedure. The defendant does not present in his brief any theory upon which he assumed that no jury was necessary. In fact, his theory, if he had one, in that respect appears to have been completely abandoned.

Assuming, without deciding, that the objection made above raised the sufficiency of the evidence, we hold the evidence sufficient to sustain the verdict and judgment. Most of the argument in this respect deals with the improbability of complaining witness' testimony. We have discussed the nature of the evidence introduced in this class of cases in several cases. Without attempting to review the same in the case at bar, we think the rules announced in Miller v. State, 156 Okla. 253, 10 P.2d 697; Pryor v. State, 170 Okla. 40, 38 P.2d 923, and Jones v. State, 152 Okla. 139, 4 P.2d 85, cover the situation in principle. In Miller v. State, supra, it is said:

"An action brought under section 8059, C. O. S. 1921, is in the nature of a civil action, and all that is required of the plaintiff is to prove the case by a fair preponderance of the evidence."

In Pryor v. State, supra, we said:

"The fact that the jury found against the defendant concludes upon the weight of the testimony, as there is sufficient evidence reasonably tending to support it. The evidence of the relatrix is positive and definite, and sufficient, we think; and the jury found it to be true.

"Her evidence is corroborated in some circumstances by the defendant's evidence. The weight and credibility was for the jury."

It is next urged that the court committed error in permitting the child of Doris Mayberry to be exhibited before the jury. The child was more than five years of age at the time of the trial. We have discussed the rule with relation to exhibition of a child in a bastardy proceeding in the following cases: Watson v. Taylor, 35 Okla. 768, 131 P. 922; Lawhead v. State, 99 Okla. 197, 226 P. 376; Ratzlaff v. State, 102 Okla. 263, 229 P. 278.

Our court appears to be committed to the rule that the child may be exhibited in certain instances and at the direction of the court. We think the above authorities not particularly in conflict on that point, although the court in Ratzlaff v. State, supra, failed to discuss the former authorities, or attempt to recognize their holdings. The child in the Ratzlaff Case was older than the child in Lawhead v. State, supra, which was only seven weeks old at the time of the exhibition of the child before the jury. In the latter case the court said:

"In the trial of a bastardy case, where the child is offered in evidence on the issue as to whether or not the defendant is the father, the sound rule is to admit the facts of similarity of specific traits, however presented, provided the child is, in the opinion of the trial court, old enough to possess settled features or other corporal indications."

In the case at bar, after defendant had objected to the exhibition of the child, he called several witnesses to testify to the similarity between the child and Deck Shook, who defendant claimed was the father. Regardless of the rule announced in the foregoing cases as to the propriety of the exhibition of the child or the abuse of discretion, we hold that the defendant waived any objection to the exhibition of the child by offering testimony to compare said child with the said Deck Shook. The underlying basis of the principle is announced in Cudd v. State, 159 Okla. 87, 14 P.2d 406. If the defendant expected to rely upon the error of comparison of the child to its alleged father, he should not have proceeded to call attention to the characteristics the child possessed that in his opinion resembled Deck Shook. Under the circumstances we find no error in the exhibition of the child.

Finally defendant objects to the argument of counsel in closing in so far as counsel attempts to comment upon the evidence of similarity by physical comparison of the child and the defendant. We hold that the comments were a proper presentation of a matter in evidence. To hold otherwise would be to permit the introduction of proper evidence, but deny the comment, or summation thereof, as to its pertinency and relevancy.

The judgment of the trial court is affirmed.

OSBORN, C. J., and PHELPS, CORN, GIBSON, and DAVISON, JJ., concur.