Ronald D. HASSLER, Appellant,

v.

The DISTRICT OF COLUMBIA, Appellee.

No. 13383.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 18, 1956.

Decided Nov. 15, 1956.

(1951 ed. Supp. III), appellant was adjudged to be the father of a child born out of wedlock. D.C.Code, § 11–957 provides: "Upon trial of proceedings under sections 11–951 to 11–967 of this chapter, the court may exclude the general public, and *shall* do so at the request of either party." (Emphasis supplied.) Appellant's counsel made a motion to exclude "newspaper people * * * together with any witnesses or non-parties" when, during presentation of his defense, he observed a reporter in the courtroom.[1] The Juvenile Court judge denied the motion. The Municipal Court of Appeals, in affirming, approved that ruling on the ground that the right to bar newspaper reporters is waived unless asserted at the outset of the trial.[2] We find nothing in the statute which warrants that conclusion.

Reversed and remanded with instructions to direct the Juvenile Court to award a new trial.

---

Mr. Carl L. Shipley, Washington, D. C., for appellant.

Mr. Hubert B. Pair, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Vernon E. West, Corp. Counsel at the time brief was filed, Chester H. Gray, Corp. Counsel, and Milton D. Korman, Principal Asst. Corp. Counsel, were on the brief, for appellee.

Before EDGERTON, Chief Judge, and BAZELON and BURGER, Circuit Judges.

PER CURIAM.

In a proceeding in the Juvenile Court under D.C.Code, § 11–951 et seq.

---

1. The record is insufficient to warrant an assumption that the "newspaper people" were in the courtroom before counsel's request was made.

2. Hassler v. District of Columbia, D.C. Mun.App.1956, 122 A.2d 827, 828–829.